United States District Court
Southern District of Texas
FILED

NOV 08 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
November 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROGELIO REGALADO, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:23-CV-0049 |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner ROGELIO REGALADO, whose petition for federal habeas relief was recently denied by the District Judge on report and recommendation by the undersigned Magistrate Judge, has filed an application to proceed in forma pauperis on appeal. (Dkt. No. 28). The application was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the Magistrate Judge RECOMMENDS that Petitioner's application to proceed in forma pauperis (Dkt. No. 28) be DENIED and that the District Judge certify that an appeal would not be taken in good faith.

### I. BACKGROUND

Petitioner initiated this case by filing a habeas petition (Dkt. No. 1) together with a copy of his prisoner trust fund account statement (Dkt. No. 2).

On April 4, 2023, the Magistrate Judge issued an order concerning Petitioner's construed request to proceed in forma pauperis. (Dkt. No. 4). The Magistrate Judge noted that the filing of a habeas action generally requires the payment of a $5 filing fee, although prepayment may be waived where the petitioner submits an affidavit asserting, in part, their inability to pay the fee.

(*Id.* at 1). Petitioner had not paid the filing fee, and it otherwise appeared from the trust fund account statement that he had sufficient funds to make the $5 payment. (*Id.*). The Magistrate Judge thus ordered Petitioner to either pay the filing fee or submit a completed application to proceed in forma pauperis using the standard form. (*Id.* at 1-2).

Petitioner opted to pay the filing fee, and the Magistrate Judge ordered Respondent to serve and file a response to the habeas petition. (Dkt. No. 5).

The case was then briefed by the parties, and several pre-trial motions were filed, including Petitioner's *Motion for Expansion of the Record* (Dkt. No. 12) and *Motion for Appointment of Counsel* (Dkt. No. 12-1).

On August 18, 2023, the Magistrate Judge issued a report and recommendation for the dismissal or denial of Petitioner's claims on the basis that they were moot or meritless. (Dkt. No. 19 at 11-18). Through that report, the Magistrate Judge recommended the denial of the Motion for Expansion of the Record. (*Id.* at 19-21). The Magistrate Judge also recommended that a certificate of appealability ("COA") be denied. (*Id.* at 21-22). A petitioner may not appeal a habeas proceeding "[u]nless a circuit justice or judge issues a [COA]." 28 U.S.C. § 2253(c)(1)(A). In recommending the denial of a COA, the Magistrate Judge concluded that Petitioner failed to show that reasonable jurists would find it debatable "whether the petition state[d] a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." (Dkt. No. 19 at 22 (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). Through contemporaneous orders, the Magistrate Judge denied the Motion for Appointment of Counsel (Dkt. No. 22), along with other pre-trial motions filed by Petitioner (Dkt. Nos. 20, 21).

On August 25, 2023, the Clerk received a "Notice of Appeal" (Dkt. No. 23), whereby Petitioner advised of his intent to appeal "the denial of the Motion for Appointment of Counsel,

Motion for Expansion of the Record, and any other motion that was denied that may be considered an appealable interlocutory order" (*id.* at 1 (edited for readability)).

On September 5, 2023, the Clerk received Petitioner's objections as to the recommended denial of the habeas petition and dismissal of his claims. (Dkt. No. 25).

On September 15, 2023, the District Judge adopted the report and recommendation (Dkt. No. 27), thereby denying the habeas petition, dismissing Petitioner's claims, denying the Motion for Expansion of the Record, and denying the issuance of a COA.

Petitioner then filed the pending application to proceed in forma pauperis, which is dated September 21, 2023. (Dkt. No. 28). Through the included affidavit of indigency, Petitioner avers that he receives on average $100 per month in gifts from family. (*Id.* at 2). Petitioner did not provide an updated prisoner trust fund account statement.

Notably, Petitioner does not specify through the in forma pauperis application whether it applies as to the Notice of Appeal on the Motion for Expansion of the Record and the Motion for Appointment of Counsel or a would-be appeal as to the denial of the habeas petition and dismissal of his claims.

## II. LEGAL STANDARDS

A prisoner seeking to appeal a civil judgment must file an affidavit of indigency together with a certified copy of their prisoner trust fund account statement for the six-month period preceding their notice of appeal. *See* 28 U.S.C. § 1915(a)(1), (2); *see also* Fed. R. App. P. 24(a)(1)(A). Through the affidavit, the prisoner must claim an entitlement to redress. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1)(B). They must also state the issues to be presented on appeal. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1)(C).

Nevertheless, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if it fails to present a non-frivolous issue. *See Chapa v. Ingram*, 116 F. App'x 476, 478 (5th Cir. 2004) (per curiam) (citing *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)). The good faith determination is limited to whether the appeal involves legal points arguable on their merits and therefore not frivolous. *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard*, 707 F.2d at 220) (quotations and parentheses omitted).

## III. ANALYSIS

Here, the pending application is technically deficient insofar as it does not state the issues to be presented on appeal and does not include a prisoner trust fund account statement.

Even ignoring these deficiencies, as well as any questions over whether Petitioner has properly perfected an appeal, the Magistrate Judge concludes that an appeal would not be taken in good faith. As discussed in the report and recommendation, which was adopted by the District Judge, all of Petitioner's claims are moot or otherwise meritless. Also meritless is the Motion for Expansion of the Record. A COA was denied by the District Judge insofar as it was not debatable whether these rulings were correct. Similarly, in terms of good faith, any appeal would not present any arguable issues, and, therefore, cannot be described as non-frivolous.

Nor would appeal of the denial of Petitioner's Motion for Appointment of Counsel, or any other motions for that matter, present any arguable issues. As discussed in the Magistrate Judge's orders issued contemporaneous to the report and recommendation, all such motions were moot or otherwise meritless as well. (Dkt. Nos. 20, 21, 22).

## IV. CONCLUSION

For these reasons, the Magistrate Judge RECOMMENDS that Petitioner's application to proceed in forma pauperis on appeal (Dkt. No. 28) be DENIED and that the District Judge certify that an appeal of this case would not be taken in good faith.[1]

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 8th day of November 2023.

J. SCOTT HACKER
United States Magistrate Judge

---

[1] Where the district court certifies that an appeal is not taken in good faith, an appellant may then either pay the full filing fee and costs for an appeal or contest the certification decision by filing a motion for leave to proceed in forma pauperis with the court of appeals. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).